```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| THOMAS HAWKINS, | § | |
| TDCJ-CID NO. 378552, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0447 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Thomas Hawkins, proceeding pro se and in forma pauperis, has filed a petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1), challenging the denial of time credits towards his sentence. Pending before the court is Respondent Dretke's Motion to Dismiss with Brief in Support (Docket Entry No. 13) and Hawkins' Response to Respondent Dretke's Motion to Dismiss (Docket Entry No. 14). For the reasons discussed below, the court will grant Respondent's Motion to Dismiss and dismiss Hawkins' Petition for a Writ of Habeas Corpus.

**I. Background**

Hawkins pleaded guilty to the felony offense of aggravated sexual assault on June 4, 1984, in the 85th District Court of Brazos County. Ex parte Hawkins, No. 32,178-02, at 21-23. The

court assessed punishment of twenty years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID).  Ex parte Hawkins, No. 32,178-02, at 21-23.  Hawkins did not appeal his conviction, nor did he file a state application for a Writ of Habeas Corpus challenging the conviction or sentence.

On April 17, 1992, Hawkins was released on parole and placed under mandatory supervision.  Ex parte Hawkins, No. 32,178-02, at 38.  On August 7, 1995, Hawkins' mandatory supervision was revoked, and he was returned to TDCJ-CID.  Ex parte Hawkins, No. 32,178-02, at 38.  Hawkins was again released on parole on June 18, 1999, but his mandatory supervision was again revoked on December 23, 2004.  (Respondent's Motion to Dismiss, Docket Entry No. 13, at Exhibit A, pp. 4-6)

On June 1, 2005, Hawkins filed an Application for a Writ of Habeas Corpus, challenging the denial of time credits towards his sentence.  Ex parte Hawkins, No. 32,178-02, at 1-18.  On November 23, 2005, the Texas Court of Criminal Appeals dismissed the application without written order, citing section 501.0081 of the Texas Government Code.[1]  Ex parte Hawkins, No. 32,178-02, at cover.

---

[1] Section 501.0081 of the Texas Government Code provides that "an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until (1) the inmate receives a written decision issued by the highest authority provided for in the [prison dispute] resolution system; or, (2) if the inmate has
(continued...)

Hawkins filed this federal petition on February 3, 2006. Hawkins, who remains incarcerated at the LV Hightower Unit of the Texas Department of Criminal Justice, does not challenge his underlying conviction. Instead, he argues that prison officials have calculated his sentence incorrectly by refusing to apply earned time credits towards the completion of his sentence.[2]

## II. Exhaustion of Remedies

A state prisoner is required to exhaust available state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)-(c); Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986). Before a Texas inmate has exhausted his state remedies, he must fairly present the substance of his federal claims to the highest state court either in a petition for discretionary review or in an application for a writ of habeas corpus. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

---

[1](...continued)
not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error." Tex. Gov't Code Ann. § 501.0081(b) (Vernon 2004).

[2] Hawkins previously challenged the denial of his street-time credits accrued while under mandatory supervision from April 17, 1992, to December 14, 1994. On September 9, 1996, Hawkins filed an application for a Writ of Habeas Corpus challenging the denial of his street-time credits. On October 30, 1996, the Texas Court of Criminal Appeals denied the application without written order. Ex parte Hawkins, No. 32,178-01, at cover.

The exhaustion requirement is not met if the petitioner has failed to present his claims to the state courts in a procedurally proper manner. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curium). Here, the Texas Court of Criminal Appeals dismissed Hawkins' state habeas corpus application for failure to exhaust administrative remedies pursuant to section 501.0081 of the Texas Government Code. Ex parte Hawkins, No. 32,178-02, at cover. Because the state habeas corpus application was dismissed, the Texas courts have not had an opportunity to review the substance of Hawkins' claims. See Barrientes v. Johnson, 221 F.3d 741, 779 (5th Cir. 2000) (citing Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.")). Therefore, Hawkins has failed to exhaust his state court remedies, and this court cannot grant relief. See 28 U.S.C. § 2254(b)-(c). Accordingly, Hawkins' petition must be dismissed.

### III.  Certificate of Appealability

Hawkins has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, but the court may rule on a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." 28

U.S.C. § 2253(c)(1). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the court concludes that jurists would not debate whether the procedural ruling in this case is correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. Conclusion and Order

The court **ORDERS** the following:

1. Respondent Dretke's Motion to Dismiss (Docket Entry No. 13) is **GRANTED.**

2. Hawkins' Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED.**

3. A certificate of appealability is **DENIED.**

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the Petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 13th day of July, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE